IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

A.T., a minor at the time of the subject incidents, and
JULIA BARNEY, A.T.'s parent and guardian.

       Plaintiff,                           Case No.: 05-2023-CA-030983

v.

THE SCHOOL BOARD OF BREVARD COUNTY,
FLORIDA a/k/a BREVARD PUBLIC SCHOOLS and
TIMOTHY MICHAEL LISCUM in his individual
capacity and as agent of and for BREVARD
PUBLIC SCHOOLS.

       Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, A.T. and JULIA BARNEY, as A.T.'s parent and guardian, by and through the undersigned counsel and pursuant to Fla. R. Civ. P. 1.190(a), hereby file Plaintiffs' Amended Complaint against Defendants THE SCHOOL BOARD OF BREVARD COUNTY, FLORIDA a/k/a BREVARD PUBLIC SCHOOLS and TIMOTHY MICHAEL LISCUM in his individual capacity and as agent of and for BREVARD PUBLIC SCHOOLS, and allege the following:

## PARTIES, JURISDICTION AND VENUE

1.    This is an action for damages that exceed $50,000.00 exclusive of interest, costs, and attorney's fees.

2.    Plaintiff A.T. was a minor female student at the time that she was the victim of the egregious breaches of duty and misconduct alleged herein and is being identified by her initials to protect her privacy as the victim of the same. The actual identity of Plaintiff A.T. is known to the Defendants.

Page 1 of 37

A.T. v. School Board
Complaint

Filing 186927617

A T VS SCHOOL BOARD BREVARD

05-2023-CA-030983-XXXX-XX

3.     Plaintiff Julia Barney (BARNEY) is and was A.T.'s parent and guardian that also suffered damages as the result of the acts and omissions alleged herein.

4.     At all times material hereto, Plaintiff A.T. resided in Brevard County, Florida.

5.     At all times material hereto, Plaintiff BARNEY resided in Brevard County, Florida.

6.     At all times material to this action, Defendant, THE SCHOOL BOARD OF BREVARD COUNTY, FLORIDA a/k/a BREVARD COUNTY PUBLIC SCHOOLS, (hereinafter "SCHOOL BOARD"), is a governmental entity authorized to and doing business in Brevard County, Florida as a public school system, specifically operating Satellite High School.

7.     At all times material to this action, Defendant, TIMOTHY MICHAEL LISCUM ("LISCUM") was and is a resident of Brevard County, Florida and is otherwise *sui juris*. At the time of the acts and omissions alleged herein, LISCUM was a teacher of approximately 30 years employed by the SCHOOL BOARD, acting within his capacity as an agent of and for the SCHOOL BOARD, and individually.

8.     Venue is proper in Brevard County, Florida because the causes of action alleged herein accrued in Brevard County, Florida.

9.     Plaintiffs have provided statutory notice to the SCHOOL BOARD pursuant to *Florida Statute* § 768.28, and all other conditions precedent have been fulfilled or waived.

## GENERAL ALLEGATIONS

10.     At all times material hereto, Plaintiff A.T. was a minor and a student at Satellite High School in Brevard County, Florida, which is part of the school system operated by the SCHOOL BOARD.

11.     At all times material hereto, Defendant LISCUM was A.T.'s chorus teacher at Satellite High School with the known ability to advance students' musical aspirations and also served on A.T.'s 504 Plan committee.

12.     Plaintiff A.T. decided to attend Satellite High School as an out of boundary school specifically to participate in LISCUM's renowned chorus program due to LISCUM's notoriety for his ability to advance a student's musical education and opportunities.

13.     Plaintiff A.T., was and is a student who had a preexisting diagnosis of certain disabilities that impacted her education.

14.     Pursuant to Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, discrimination based on disability in federally assisted programs or activities is prohibited.

15.     Pursuant to Section 504 of the Rehabilitation Act of 1973, students with disabilities are entitled to 504 plans that are developed to ensure that a child who has a disability identified under the law and is attending an elementary or secondary educational institution receives accommodations that will ensure their academic success and equal access to the learning environment.

16.     As a result of A.T.'s disabilities, she qualified for a 504 plan and such a plan was implemented to provide necessary accommodations to assist with her academic success.

17.     In or around February 2021, LISCUM sat in as a member of A.T.'s 504 team and thereby gained access to A.T.'s sensitive personal, medical and psychological information.

18.     As a member of A.T.'s 504 team LISCUM, , gained access to not only A.T.'s personal, medical and psychological information forming the basis for her disability, but also gained access to her past educational records, with the fiduciary duties to maintain strict confidentiality of such highly sensitive information and to implement such confidential information in order to make recommendations for creating and adjusting A.T.'s 504 plan to provide A.T. with the best individually crafted educational path for her advancement.

19.     As a result of LISCUM being a member of A.T.'s 504 team, LISCUM accessed A.T.'s extremely sensitive and confidential health and psychological records, the content of which

were and are of such a nature as to reflect that she was highly vulnerable to manipulation and severe emotional harm and distress if victimized, particularly if victimized by one in a position of special and confidential fiduciary trust, such as LISCUM.

20.     Through his participation on A.T.'s 504 team, and in his capacity as A.T.'s chorus instructor, LISCUM took advantage of his access to A.T., A.T.'s confidential medical, psychological and educational information, and took advantage of his role to A.T. as a special trusted confidential fiduciary, in furtherance of an intentional plan to sexually solicit and exploit A.T.

21.     In or around May 2022 the then minor A.T. began receiving increasingly personal private messages from an Instagram account with a username of "Tim Liscum," to which A.T. did not respond.

22.     On November 8, 2022 A.T. received an additional personal message from the Instagram account of user "Tim Liscum" saying "Hello," at which time A.T., responded to the message.

23.     LISCUM continued to develop A.T.'s trust by continued personal messages expressing concern for her safety and well-being as Hurricane Nicole was approaching.

24.     During November 2022 the Instagram private messages between A.T. and LISCUM consisted of A.T. questioning and requesting proof that the person with whom she was communicating was in fact LISCUM as she became increasingly anxious regarding the idea that LISCUM, her chorus instructor with power over her educational future and 504 plan team member with access to all of her confidential psychological and medical records, was private messaging her and expressing inappropriate personal interest in her.

25.     During the course of LISCUM's November 2022 Instagram private messaging, LISCUM sent images of himself to A.T. and described events at school in an attempt to prove his

identity, to further gain A.T.'s trust and manipulate her into accepting and feeling comfortable with his ongoing private messages as indications of his personal interest in her.

26.    On December 21, 2022, LISCUM congratulated A.T. on making the chorus ensemble because, "I fought for you."'

27.    LISCUM continued congratulating A.T. on making the ensemble to which A.T. eventually replied "ensemble isn't rly [sic] something to congratulate on lol but thank you."

28.    LISCUM, with knowledge of A.T.'s medical and psychological history as a member of her 504 team, then threatened A.T. by overtly asserting his position of power over her by telling her, "[r]eally…I fought for you on that…I can find someone else if you're not interested…let me know…I will text Ms. Morales tomorrow…I was happy for you…til now.  No worries…I'm sorry you don't believe…let me know if you aren't interested…I will make the change.  I was excited for you…"

29.    A.T. responded "oh my goodness I am and very grateful I got lead ensemble so thanks for helping me," to which LISCUM responded, "let me know."

30.    Over the winter holiday break, LISCUM continued to contact A.T. by private messaging, wishing her a "Happy New Year!" on December 31, 2022, and following up with another message on January 1, 2023.

31.    During this time period LISCUM also shared what appeared to be personal family matters of a delicate and sad nature with A.T. in a further attempt to garner sympathy and to further gain her trust.

32.    On January 7, 2023, LISCUM private messaged A.T. that he would show her his phone to prove his identity and asked A.T. to meet him before first period at school on that upcoming Monday morning.

33.    LISCUM asked A.T. what he would win when he proved to be right, and when A.T. responded with "u win my love," he replied that he "thought I already had that.  It's okay...I'm only a little hurt" manipulating A.T. toward acceptance of continued engagement in this inappropriate manner and manipulating A.T.'s affection toward him for purposes of sexually exploiting her.

34.    On January 9, 2023, as A.T. walked into the classroom, LISCUM held the door open, at which time LISCUM surreptitiously held his phone on his hip to where only A.T. could see what appeared to be the Instagram messages received by A.T. and then LISCUM quickly placed the phone back into his pocket to hide it again.

35.    Upon A.T. discovering it was in likely LISCUM messaging her from the "Tim Liscum" Instagram account she became distraught and extremely anxious due to the personal nature of the communications and LISCUM's position of power and influence over her present and future education path.

36.    With the support of several friends that became aware of A.T.'s severe distress over the situation, A.T. subsequently went to LISCUM's office and confronted him by showing him her phone with the Instagram messages open and asked him directly if it was in fact he who was private messaging her personal communications outside of school, at which time LISCUM admitted that it was him and said that he was "sorry" and that "it was unprofessional of me."

37.    Despite a very short-lived reprieve, LISCUM resumed private messaging A.T. outside of school with a message to her the next day of: "Miss me?"

38.    A.T. received this message while at school and began sobbing out of fear and anxiety.

39.    A.T. became increasingly distraught and afraid to tell anyone for fear of not being believed or getting into trouble due to LISCUM's honored and influential stature at the school.

40.    When one of A.T.'s close friends observed A.T. distressed and crying at school, A.T. confided in her friend and her friend convinced A.T. to report the incidents to a trusted teacher at Satellite High School, which they did, and the trusted teacher accompanied A.T. and her friend to the school's Assistant Principal and Title IX coordinator Dr. Paloma Ferreira to report the situation.

41.    Following receipt of A.T.'s report, Dr. Ferreira called A.T.'s mother, BARNEY, informing her of A.T.'s report concerning LISCUM, and requested that BARNEY and A.T. keep the situation confidential and not contact law enforcement or discuss the situation with anyone else.

42.    Due to the lack of any prompt and reasonable action by the school administration, BARNEY and A.T. reported the situation to the Florida Department of Children and Families.

43.    The school resource officer contacted A.T. and BARNEY regarding the incidents and after learning the details and directed them to contact an agent of the Brevard County Sheriff's Office.

44.    With consent, a specially trained Brevard County Sherriff's Office deputy agent ("Deputy Agent") reviewed the private messages from LISCUM to A.T. on A.T's cell phone, opened an investigation, and with further consent, the Deputy Agent assumed A.T.'s online identity should LISCUM continue to solicit A.T.

45.    On January 19, 2023, while assuming the online identity of A.T., the Deputy Agent observed messages by LISCUM asking if A.T. missed him and if she was ok, during which time period A.T. was too emotionally distressed to attend school.

46.    On the evening of January 19, 2023, the Deputy Agent responded to LISCUM as A.T., at which time, during the course of the messaging, the Deputy Agent verified A.T.'s age to

LISCUM and verified prior chat conversations between A.T. and LISCUM that occurred prior to the Deputy Agent assuming A.T.'s online identity.

47.    The Deputy Agent's communications with LISCUM while posing as A.T. continued over the course of January 20, 21 and 22 of 2023.

48.    On January 21, 2023, in further private messages to A.T., LISCUM solicited A.T. to engage in various sexual acts that he described in detail, and to secretly meet with her in person to engage in such acts, while having confirmed that he knew that A.T. was a minor child, to whom LISCUM knew that he held a position of power and owed special fiduciary duties of confidentiality and protection.

49.    The Deputy Agent, appearing to be A.T., communicated multiple opportunities to LISCUM allowing him to reconsider and discontinue to solicit and pursue the minor child A.T.

50.    On January 23, 2023, LISCUM travelled to Satellite High School at a time set in the communications that he believed to be between he and minor child A.T., believing that he was meeting with minor child A.T. to engage in sexual acts; however, LISCUM was instead met and arrested by deputies of the Brevard County Sheriff's Office.

51.    As a result, LISCUM was charged by the State Attorney's Office, Eighteenth Judicial Circuit, with one count of Unlawful Travel To Meet a Minor – Enhanced (F1), in violation of  Florida Statues § 847.0135(4)(a), one count of Computer Solicitation of a Child – Enhanced (F2), in violation of Florida Statues § 847.0135(3), and one count of Attempted Sexual Battery on a Person in Familial or Custodial Authority – Enhanced (F1), in violation of Florida Statues § 794.011(8)(b), and at the time of this Complaint, such charges were currently pending in the Circuit Court in and for Brevard County, Florida, Criminal Division.

52.   As a result of the foregoing incidents, A.T., missed approximately three (3) weeks of her senior year at Satellite High School and instruction due to severe emotional distress and anxiety, and suffers from continuing psychological trauma as a result thereof.

53.   At all times material, the SCHOOL BOARD's acts and omissions in regard to its failure to protect A.T. from sexual exploitation by LISCUM, failure to properly train, supervise and retain LISCUM, and failure to properly investigate LISCUM's actions and take reasonable steps to prevent and stop LISCUM's actions and breach of its special duties to provide non-discriminatory educational resources to A.T., to protect A.T.'s confidential medical and psychological records, were acts and omissions of a discretionary nature, and not of an operational nature.

54.   A special relationship existed between the SCHOOL BOARD and Plaintiffs, specifically, a special custodial relationship, to protect A.T.'s best educational interests and to maintain the highest confidentiality of A.T.'s personal educational, medical and psychological information, to protect A.T. from abuse and harm by the SCHOOL BOARD's agents, such as LISCUM, to protect A.T. from the intentional misuse of her confidential educational, medical and psychological records, and to protect A.T. from solicitation and manipulation for purposes of sexual exploitation by a teacher placed in a position of special trust and power over A.T. by the SCHOOL BOARD, specifically, LISCUM.

55.   As a special relationship existed between the SCHOOL BOARD and Plaintiffs, and as the SCHOOL BOARD's acts and omissions were of discretionary nature and not of an operational nature, LISCUM and the SCHOOL BOARD are not protected by sovereign immunity. *Collins v. School Bd. of Broward County*, 471 So. 2d 560, 26 Ed. Law Rep. 533 (Fla. 4th DCA 1985), *writ dismissed*, 491 So. 2d 280, 33 Ed. Law Rep. 961 (Fla. 1986); *Leahy v. School Bd. of Hernando County*, 450 So. 2d 883, 17 Ed. Law Rep. 1282 (Fla. 5th DCA 1984) (refusing to

immunize a school board from liability for improper supervision); *Bonica By and Through Avant v. Dade County School Bd.*, 549 So. 2d 220, 56 Ed. Law Rep. 407 (Fla. 3d DCA 1989).

## COUNT I: BREACH OF FIDUCIARY DUTY
### (A.T. AGAINST LISCUM)

56.     Plaintiff A.T. re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

57.     At all times relevant, LISCUM individually and as agent of the SCHOOL BOARD, occupied a position of special fiduciary duty and responsibility to A.T. as her teacher, counselor, and special education 504 plan advisor, establishing a relationship and duties of special trust, confidentiality, loyalty, protection and confidence, with such heightened duties established by both statute and common law.

58.     LISCUM knew or should have known that by virtue of his special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T.

59.     Knowing that A.T., was peculiarly and highly susceptible to emotional distress, LISCUM breached his duties owed to A.T. by misusing his position of trust to engage in a series of acts that were outrageous in character and extreme in degree, that LISCUM knew or should have known the same would result in serious emotional distress and psychological damage to A.T.

60.     As a direct and proximate cause of LISCUM,'s breaches of special and fiduciary duties to A.T., A.T. did in fact suffer severe emotional and mental distress that manifested

physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages.

**WHEREFORE**, Plaintiff, A.T., demands judgment for damages against LISCUM, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (A.T. AGAINST LISCUM)

61.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-55, as if set forth fully herein.

62.     At all times relevant, LISCUM individually and as agent of the SCHOOL BOARD, owed A.T a duty to act reasonably under the circumstances, while he occupied a position of special fiduciary responsibility to A.T. as her teacher, counselor, and special education 504 plan advisor, establishing a relationship and duties of special trust, confidentiality, loyalty, protection and confidence, with such heightened standards of care established by both statute and common law.

63.     LISCUM knew or should have known that by virtue of his duty to act reasonably under the circumstances, his special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that breaching his duty through his misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotion distress and psychological harm to A.T.

64.     Knowing that A.T. was highly susceptible to emotional distress, LISCUM breached his duty owed to A.T. by misusing his position of trust to engage in a series of acts that were

outrageous in character and extreme in degree, that LISCUM knew or should have known the same would result in serious emotional distress and psychological damage to A.T.

65.     As a direct and proximate cause of LISCUM's breaches of duty to A.T., A.T. did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages.

**WHEREFORE**, Plaintiff, A.T., demands judgment for damages against LISCUM, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

<u>**COUNT III: BREACH OF FIDUCIARY DUTY**</u>
<u>**(A.T. AGAINST SCHOOL BOARD)**</u>

66.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

67.     At all times material the SCHOOL BOARD held a position of special fiduciary duty to A.T. in the hiring, supervision and retention of fiduciary agents of the SCHOOL BOARD such as teachers, counselors, and advisors intended to fulfill a relationship of special trust and confidence with A.T., as well as to protect A.T., maintain confidentiality of her sensitive healthcare and personal information, and to provide her with educational opportunity and resources.

68.     The SCHOOL BOARD hired, supervised, retained and placed LISCUM into his position of special responsibility, confidentiality and fiduciary duty to A.T. as its agent, to be A.T.'s teacher, counselor, and advisor, within a relationship of special trust and confidence.

69.     The SCHOOL BOARD knew or should have known that by virtue of its agent LISCUM's special fiduciary and confidential relationship with and to protect A.T. as a highly

susceptible minor child, that LISCUM's breach of his duty through his misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T.

70.    The SCHOOL BOARD knew or should have known that by virtue of its agent LISCUM's special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that the SCHOOL BOARD's failure to hire, supervise and retain LISCUM or any other similarly situated agent that resulted in his misuse of position, misuse of A.T.'s heightened susceptibility, and misuse of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T.

71.    The SCHOOL BOARD knew or should have known that failure to investigate and take immediate steps to protect a minor child such as A.T. upon notice of past or present allegations regarding a trusted teacher's, such as LISCUM's, misuse of position, misuse of A.T.'s heightened susceptibility, and misuse of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T.

72.    The SCHOOL BOARD breached its fiduciary duties to A.T. by its agent LISCUM's actions of misusing his position, misusing A.T.'s heightened susceptibility, and misusing his position of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate

and damaging sexually exploitive relationship, which he knew or should have known, and therefore the SCHOOL BOARD knew or should have known, would directly and proximately result in serious emotional distress and psychological harm to A.T.

73.    The SCHOOL BOARD breached its fiduciary duties to A.T. by failing to carry out its heightened standard of care in hiring, supervising and retaining its fiduciary agent LISCUM, such that the SCHOOL BOARD knew or should have known that LIPSUM had prior incidents and claims reported regarding improper communications and suggestive behavior toward female students, such that its failure to act in accordance with its fiduciary level standard of care in hiring, supervising and retaining LISCUM placed him in a position in which he could and would misuse his position, misuse A.T.'s heightened susceptibility, and misuse his position of special influence as a trusted protector that could and would be used to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, and therefore the SCHOOL BOARD knew or should have known that such a failure and breach of fiduciary duty could and would directly and proximately result in serious emotional distress and psychological harm to A.T.

74.    The SCHOOL BOARD breached its fiduciary duties to A.T. by failing to carry out its heightened standard of care in protecting A.T. and investigating A.T.'s allegations that its fiduciary agent LISCUM, misused his position, misused A.T.'s heightened susceptibility, and misused his position of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, and therefore the SCHOOL BOARD knew or should have known that such a failure and breach of fiduciary duty to protect A.T. and investigate could and  would directly and proximately result in serious emotional distress and psychological harm to A.T.

75.     As a direct and proximate cause of the SCHOOL BOARD's breaches of duty to A.T., A.T. did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages.

**WHEREFORE**, Plaintiff, A.T., demands judgment for compensatory damages against Defendant, SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

### COUNT IV: NEGLIGENCE
### (A.T. AGAINST SCHOOL BOARD)

76.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

77.     At all times material the SCHOOL BOARD owed a duty to A.T. to use reasonable care under the circumstances to ensure A.T.'s safety, care, health, and well-being by using reasonable care as her *in loco parentis* custodian and fiduciary under the circumstances in hiring, retaining, assigning, and supervising its faculty, specifically LISCUM, and moreover, in hiring, retaining, assigning, and supervising its faculty with special positions of care and trust, specifically LISCUM, as an influential chorus teacher and 504 team member, and to ensure that such special positions were not filled by sexual predators or individuals that would or could be a risk to the well-being of minor students.

78.     At all times material, the SCHOOL BOARD knew, or in the exercise of reasonable care should have known, that LISCUM was unfit, dangerous and a threat to the health, safety, and welfare of A.T., and other similarly situated minor girls at Satellite High School.

79.     At all times material, the SCHOOL BOARD owed A.T. a duty to investigate and be aware of LISCUM's past and ongoing conduct and communications with female students and protect and warn A.T. and BARNEY and other similarly situated minor students and their parents from and of the potential harm from LISCUM, disclose its awareness of such facts known regarding LISCUM that created a likely potential for harm, provide a safe environment for A.T. and the other similarly situated minor students, where she and they could be free from sexual misconduct, and protect A.T. and the other similarly situated minor students from exposure to harmful or potentially harmful individuals like LISCUM.

80.     At all times material, the SCHOOL BOARD breached these duties in one or more of the following ways:

a.  failing to provide a safe environment for A.T. where she would be free from intentional sexual misconduct and threats by LISCUM, a fiduciary with special trust, teacher, agent and/or employee of SCHOOL BOARD;

b.  failing to investigate regarding LISCUM's past and present conduct that created a likely potential for harm to minors that he supervised, had power over and was to serve as a fiduciary and trusted counselor, specifically A.T.;

c.  failing to disclose its awareness of facts regarding LISCUM's past and present behavior that created a likely potential of harm;

d.  failing to enforce policies and procedures to protect its students from inappropriate conduct by teachers such as LISCUM;

e.  failing to have and/or enforce a policy of precluding or overseeing personal communication with students by teachers;

f.  failing to recognize standard grooming patterns by individuals engaged in the sexual exploitation of minors and failing to take reasonable measures to prevent such

individuals from continuing to engage in grooming at schools while in fiduciary positions of authority, specifically LISCUM;

g.  failing to sufficiently report the incidents of abuse towards A.T. by LISCUM to the Florida Department of Children and Families and law enforcement;

h.  failing to provide reasonable training, surveillance, investigation and reporting of or by teachers and students to prevent and/or detect inappropriate teacher-student contact, specifically including sexually inappropriate communications; and

i.  attempting to cover up, downplay or obfuscate alleged or known acts and omissions of teachers when or after such acts or omissions and when or after the SCHOOL BOAED became aware of them.

81.    As a direct and proximate cause of the negligence of the SCHOOL BOARD, A.T. was subjected to sexual misconduct and harassment and caused to suffer mental pain and suffering that manifested physically, psychological injuries, the loss of the capacity for enjoyment of life, and economic damages.

82.    The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties, the heightened standard of care of *in loco parentis* fiduciary custodians and harms that they were meant to prevent, could and would directly and proximately result in serious emotional distress and psychological harm to A.T.

83.    As a further direct and proximate cause of the negligence of the SCHOOL BOARD, A.T. incurred medical and psychological expenses for the treatment of her injuries and will incur further such expenses in the future.

**WHEREFORE**, Plaintiff, A.T., demands judgment for damages against Defendant, the SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the

extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT V: NEGLIGENT SUPERVISION
### (A.T. AGAINST SCHOOL BOARD)

84.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

85.    At all times material, the SCHOOL BOARD owed a duty to the public and its students, specifically A.T., to supervise its employees, servants and/or agents with access to its minor students, including A.T.

86.    The SCHOOL BOARD owed a duty to A.T. to protect her from inappropriate sexual misconduct and/or harassment and threats at or arising from school.

87.    Based upon information and belief, LISCUM previously engaged in similar inappropriate behavior with other minor female students while a teacher for the SCHOOL BOARD and had a long-standing reputation of being flirtatious with selected female students, which is believed to have been known by the SCHOOL BOARD.

88.    The SCHOOL BOARD as employer of LISCUM became aware, or should have become aware, of LISCUM's past and present inappropriate behavior that indicated his unfitness to hold a fiduciary position of trust, confidence and protection in relation to vulnerable minor children.

89.    The SCHOOL BOARD breached its duty by failing to take action, or further action, such as investigation, discharge, or reassignment of LISCUM upon becoming aware of his past or present unfitness to hold a fiduciary position of trust, confidence and protection in relation to vulnerable minor children.

90.     As a direct and proximate result of the SCHOOL BOARD's negligence, A.T. was subjected to inappropriate sexual misconduct, harassment and threatening behavior causing her to suffer mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity for the enjoyment of life.

91.     The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotional distress and psychological harm to A.T.

**WHEREFORE**, Plaintiff, A.T., demands judgment for damages against Defendant, SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

### COUNT VI: NEGLIGENT RETENTION
### (A.T. AGAINST SCHOOL BOARD)

92.     Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

93.     At all times material, the SCHOOL BOARD owed a duty to A.T., to employ qualified and competent teachers to work within its schools, in particular those teachers that will have access to and special trust and influence over minor children, specifically LISCUM.

94.     At all times material, the SCHOOL BOARD owed a duty A.T. to make an appropriate investigation of its employees, servants, and/or agents who were in or would be placed in a position to have access to and special trust and influence over minor children, specifically LISCUM.

95.    At all times material, the SCHOOL BOARD owed a duty to A.T. to terminate any and all employees, servants, and/or agents that it knew or should have known had engaged or sought to engage in inappropriate communication and/or unlawful sexual activities with its minor students, specifically LISCUM.

96.    Upon information and belief, LISCUM engaged in prior similar inappropriate behavior with other female students while a teacher for the SCHOOL BOARD and had a long-standing reputation of being inappropriate with select female students, which is believed to have been known by the SCHOOL BOARD.

97.    SCHOOL BOARD breached its duty to A.T. by:

a.    failing to terminate or reassign those employees, servants and/or agents who were aware of the actions of LISCUM against A.T., or similarly situated minor students, but did nothing to stop it or report it;

b.    failing to terminate and/or provide remedial measures to ensure the safety of students once the SCHOOL BOARD knew or should have known of any of the past or present reports of LISCUM's inappropriate conduct in general or knew or should have known of LISCUM's inappropriate conduct specifically as to A.T.

98.    As a direct and proximate result of the SCHOOL BOARD's negligence, A.T. was subjected to inappropriate sexual misconduct and/or harassment and threats causing her to suffer mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity for the enjoyment of life.

99.    The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotional distress and psychological harm to A.T.

**WHEREFORE**, Plaintiff, A.T. demands judgment for compensatory damages against Defendant, SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT VII: VIOLATION OF TITLE IX, 20 U.S.C. §§1681, et seq.
## (A.T. AGAINST SCHOOL BOARD)

100.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

101.    At all times material, the educational programs and/or activities at Satellite High School received federal financial assistance.

102.    A.T. had a right not to be subject to sexual discrimination, harassment, or abuse while she participated in the educational programs and activities while a student at Satellite High School.

103.    The sexual misconduct and harassment of A.T. by LISCUM was sexual discrimination and/or harassment prohibited by Title IX, 20 U.S.C. §§1681, et seq.

104.    Defendant the SCHOOL BOARD had actual knowledge of A.T.'s sexual harassment and discrimination at the hands of LISCUM.

105.    The SCHOOL BOARD had actual knowledge of A.T.'s hostile sexual educational environment created by LISCUM.

106.    The SCHOOL BOARD's lack of or wholly inadequate response to the harassment was clearly unreasonable in light of the known circumstances.

107.    The SCHOOL BOARD failed to act as required by Florida Statute § 39.201, and only upon A.T.'s and her parent's independent report of the harassment to law enforcement did law enforcement become involved.

108.    The discrimination, consisting of LISCUM's sexual harassment of A.T., and the risks to the A.T.'s safety were so severe, pervasive and objectively offensive that it barred her access to educational opportunities and benefits.

109.    A.T. was subjected to discrimination because of the SCHOOL BOARD's deliberate indifference to known acts of harassment, sexual misconduct, and discrimination.

110.    The SCHOOL BOARD's deliberate indifference to the clear and present threat of student sexual abuse and harassment by virtue of LISCUM's history of inappropriate misconduct with other female students and present inappropriate conduct toward A.T. is manifested by the SCHOOL BOARD's failure to take any investigative action, corrective action, any adequate supervision, training, policy, or procedures, and even engaged in affirmative suppression, with respect to LISCUM's past and present conduct, or in any way act reasonably to protect its students, specifically A.T, from the past, present and imminent threat of harm from LISCUM, all of which is clearly unreasonable by any standard.

111.    Because of the SCHOOL BOARD's deliberate indifference and affirmative suppression, A.T. suffered losses of education opportunities and benefits, along with injuries, damages, and losses, including, but not limited to emotional distress, fear, anxiety, and trauma, and damage and delays in her pursuit of ongoing education.

112.    Because of the sexually hostile environment at Satellite High School that the SCHOOL BOARD deliberately failed to address and enabled by its acts and omissions, A.T. suffered losses of education opportunities and benefits, along with injuries, damages, and losses, including, but not limited to emotional distress, fear, anxiety, and trauma; and damage and delays in her pursuit of ongoing education.

**WHEREFORE**, Plaintiff A.T., demands judgment against Defendant the SCHOOL BOARD awarding:

a) Damages in amounts to be established at trial, including, without limitation payment of A.T.'s expenses incurred as a consequence of the sexual misconduct and harassment, damages for deprivation of equal access to the educational benefits and opportunities provided by the SCHOOL BOARD, and damages for past, present and future emotional pain and suffering, ongoing and severe mental anguish, loss of past, present and future enjoyment of life;

b) Injunctive relief to be determined at trial requiring the SCHOOL BOARD to comply with federal law under Title IX;

c) Pre- and post-judgment interest;

d) Costs;

e) Attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

f) Such other and further relief as the Court may deem just and proper.

113. As a direct and proximate cause of the foregoing acts and omissions of the SCHOOL BOARD, A.T. was subjected to sexual misconduct and harassment that proximately caused her to suffer mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity for enjoyment of life.

114. The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotion distress and psychological harm to A.T

115. As a further direct and proximate cause of the foregoing acts and omissions of the SCHOOL BOARD, A.T. incurred medical expenses for the treatment of her psychological injuries and will incur further such expenses in the future.

**WHEREFORE**, Plaintiff, A.T. demands judgment for damages against Defendant, the SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

<u>**COUNT VIII: BREACH OF FIDUCIARY DUTY**</u>
<u>**(BARNEY AGAINST LISCUM)**</u>

116.   Plaintiffs re-allege and incorporate by reference Paragraphs 1-55 as if set forth fully herein.

117.   At all times material, LISCUM, individually and as agent of the SCHOOL BOARD, occupied a position of special fiduciary responsibility to BARNEY as A.T.'s *in loco parentis* custodian, teacher, counselor, and special education 504 plan advisor, establishing a relationship and duties of special trust, confidentiality, loyalty, protection and confidence, with such heightened standards of care established by both statute and common law.

118.   LISCUM knew or should have known that by virtue of his special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that his misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T., as well as serious emotional distress and damages to her mother, BARNEY.

119.   Knowing that A.T., was highly susceptible to emotional distress as a result of her age and confidential medical and education history, LISCUM breached his duties to BARNEY by misusing his position of trust to engage in a series of acts that were outrageous in character and

extreme in degree with respect to A.T. that LISCUM knew or should have known would result in serious emotional distress and psychological damage to A.T., as well as serious emotional distress and damages to her mother, BARNEY.

120.    As a direct and proximate cause of LISCUM's breaches of special and fiduciary duties to A.T. and BARNEY, A.T. did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages, and BARNEY did in fact suffer serious emotional distress that manifested physically and economic damages.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for damages against LISCUM, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## <u>COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br>(BARNEY AGAINST LISCUM)</u>

121.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55, as if set forth fully herein.

122.    At all times material, LISCUM individually and as agent of the SCHOOL BOARD, owed A.T a duty to act reasonably under the circumstances, and owed BARNEY a duty to act reasonably under the circumstances, while he occupied a position of *in loco parentis* custodian and of special fiduciary responsibility to A.T. as her teacher, counselor, and special education plan advisor, establishing a relationship and duties of special trust, confidentiality, loyalty, protection and confidence, with such heightened standards of care established by both statute and common law.

123.    LISCUM knew or should have known that by virtue of his duty to act reasonably under the circumstances, his special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that breaching his duty through his misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotion distress and psychological harm to A.T., as well as serious emotional distress to BARNEY.

124.    Knowing that A.T. was highly susceptible to emotional distress as a result of her age and confidential medical and educational history, LISCUM breached his duty owed to BARNEY by misusing his position of trust to engage in a series of acts that were outrageous in character and extreme in degree with respect to A.T., LISCUM knew or should have known that the same would result in serious emotional distress and psychological damage to A.T., and in serious emotion distress to BARNEY.

125.    As a direct and proximate cause of LISCUM,'s breaches of duty to BARNEY and to A.T., A.T. did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages, and BARNEY did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, as well as economic damages.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for damages against LISCUM, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT X: BREACH OF FIDUCIARY DUTY
## (BARNEY AGAINST SCHOOL BOARD)

126.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

127.    At all times material the SCHOOL BOARD held the position of *in loco parentis* custodian of A.T. and of special fiduciary duty to BARNEY as her parent, in the hiring, supervision and retention of fiduciary agents of the SCHOOL BOARD such as teachers, counselors, and advisors intended to fulfill a relationship of special trust and confidence with A.T., specifically LISCUM, as well as to protect A.T., maintain confidentiality of her sensitive healthcare and personal information, and provide her with educational opportunity and resources.

128.    The SCHOOL BOARD hired, supervised, retained and placed LISCUM into his position of *in loco parentis* custodian with special responsibility, confidentiality and fiduciary duty to A.T. and BARNEY as its agent to be A.T.'s teacher, counselor, and advisor, within a relationship of special trust and confidence.

129.    The SCHOOL BOARD knew or should have known that by virtue of its *in loco parentis* custodial role and the special duties thereof, that its agent LISCUM's special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that LISCUM's breach of his duty through his misuse of his position, misuse of A.T.'s heightened susceptibility, and misuse of his special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotion distress and psychological harm to A.T., as well as serious emotional distress to BARNEY.

130.    The SCHOOL BOARD knew or should have known that by virtue of its agent LISCUM's special fiduciary and confidential relationship with and to protect A.T. as a highly susceptible minor child, that the SCHOOL BOARD's failure to hire, supervise and retain LISCUM or any other similarly situated agent that resulted in his misuse of position, misuse of A.T.'s heightened susceptibility, and misuse of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotion distress and psychological harm to A.T., as well as serious emotional distress to BARNEY.

131.    The SCHOOL BOARD knew or should have known that failure to investigate and take immediate steps to protect A.T. upon notice of past or present allegations regarding LISCUM's misuse of position, misuse of A.T.'s heightened susceptibility, and misuse of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, would directly and proximately result in serious emotional distress and psychological harm to A.T., as well as serious emotional distress to BARNEY.

132.    The SCHOOL BOARD breached its fiduciary duties to BARNEY through breach of its fiduciary duties to A.T. by its agent LISCUM's actions of misusing his position, misusing A.T.'s heightened susceptibility, and misusing his position of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, which he knew or should have known, and therefore the SCHOOL BOARD knew or should have known, would directly and proximately result in serious emotional distress and psychological harm to A.T., and serious emotional distress by BARNEY.

133.    The SCHOOL BOARD breached its fiduciary duties to BARNEY and A.T. by failing to carry out its heightened *in loco parentis* and fiduciary standard of care in hiring, supervising and retaining its fiduciary agent LISCUM, such that the SCHOOL BOARD knew or should have known that LIPSUM had prior incidents and claims reported regarding improper communications and suggestive behavior toward female students, such that its failure to act in accordance with its fiduciary level standard of care in hiring, supervising and retaining LISCUM placed him in a position that he could and would misuse his position, misuse A.T.'s heightened susceptibility, and misuse his position of special influence as a trusted protector that could and would be used to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, and therefore the SCHOOL BOARD knew or should have known that such a failure and breach of fiduciary duty could and would directly and proximately result in serious emotional distress and psychological harm to A.T., as well as serious emotion distress by BARNEY.

134.    The SCHOOL BOARD breached its fiduciary duties to BARNEY and A.T. by failing to carry out its heightened *in loco parentis* and fiduciary standard of care by failing to protect A.T. and failing to promptly investigate allegations that its fiduciary agent LISCUM misused his position, misused A.T.'s heightened susceptibility, and misused his position of special influence as a trusted protector to effectuate a plan to emotionally manipulate A.T. with inappropriate communications and to manipulate A.T. into an inappropriate and damaging sexually exploitive relationship, and therefore the SCHOOL BOARD knew or should have known that such a failure and breach of fiduciary duty to protect A.T. and investigate could and would directly and proximately result in serious emotional distress and psychological harm to A.T., as well as in serious emotional distress to BARNEY.

135.    As a direct and proximate cause of the SCHOOL BOARD's breaches of duty to A.T., A.T. did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, and the loss of the capacity for enjoyment of life, as well as economic damages, and BARNEY did in fact suffer severe emotional and mental distress that manifested physically and with physical damage, pain and suffering, psychological injuries, as well as economic damages.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for compensatory damages against Defendant, SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT X: NEGLIGENCE
## (BARNEY AGAINST SCHOOL BOARD)

136.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

137.    At all times material the SCHOOL BOARD owed a duty to BARNEY as A.T.'s *in loco parentis* custodian to use reasonable care under the circumstances to ensure A.T.'s safety, care, health, and well-being by hiring, retaining, and supervising its faculty, specifically LISCUM, who were to be or are employed in sensitive fiduciary and protective custodial positions over vulnerable children such as A.T.

138.    At all times material, the SCHOOL BOARD knew, or in the exercise of reasonable care should have known, that LISCUM was unfit, dangerous and a threat to the health, safety, and welfare of A.T., and other minor female students at Satellite High School.

139.    At all times material, the SCHOOL BOARD owed BARNEY a duty to investigate reports of LISCUM's past and present inappropriate behavior and to protect and warn A.T. and

BARNEY and other similarly situated students and parents regarding potential harm by LISCUM, disclose its awareness of allegations and facts known regarding LISCUM's inappropriate behavior.

140.    The SCHOOL BOARD breached these duties as follows:

a.  failing to provide a safe environment for BARNEY's child, A.T., where she would be free from intentional sexual misconduct by LISCUM, a teacher, agent and employee of the SCHOOL BOARD;

b.  failing to investigate allegations and known facts regarding LISCUM's past and present inappropriate behavior that created a likely potential for harm to minors he supervised, specifically A.T. and her mother BARNEY;

c.  failing to disclose its awareness of past and present allegations and known facts regarding LISCUM's inappropriate behavior that created a likely potential of harm;

d.  failing to implement or enforce policies and procedures to protect vulnerable students from LISCUM and any other agent or employee serving in a sensitive or special position with respect to vulnerable minor children;

e.  failing to implement or enforce a policy of precluding or supervising personal communication between teachers and students;

f.  failing to recognize or reasonably respond to standard grooming patterns by those individuals, specifically LISCUM, inclined to take advantage of vulnerable minor children and to sexually exploit them, and failing to take reasonable measures to prevent such individuals, specifically LISCUM, from holding sensitive positions or continuing to engage in such grooming activities at schools;

g.  failing to sufficiently report the incidents of abuse towards A.T. by LISCUM to the Florida Department of Children and Families and law enforcement;

h.  failing to provide reasonable surveillance, investigation and reporting of teachers and students to prevent and detect inappropriate teacher-student contact, specifically sexual inappropriate communications, and more specifically LISCUM's inappropriate behaviors and actions toward A.T.; and

i.  attempting to cover up or obfuscate such acts after they occurred and became known to the SCHOOL BOARD.

141.    As a direct and proximate cause of the SCHOOL BOARD's negligence, A.T. was subjected to sexual misconduct and harassment, suffered mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity for enjoyment of life, and BARNEY foreseeably suffered mental pain and suffering that manifested physically, psychological injuries, and economic damages, and the SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotion distress and psychological harm to A.T, as well as serious emotional distress to BARNEY.

142.    As a further direct and proximate cause of the negligence of the SCHOOL BOARD, BARNEY incurred expenses for the treatment of A.T.'s injuries as well as her own, and will incur expense in the future, and incurred additional economic damages.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for damages against Defendant, the SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT XI: NEGLIGENT SUPERVISION
## (BARNEY AGAINST SCHOOL BOARD)

143.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

144.    At all times material, the SCHOOL BOARD owed a duty to the public and parents as *in loco parentis* custodian and guardian of their children, specifically to BARNEY and to A.T., to supervise its employees, servants and/or agents holding special fiduciary positions with access to minor students, specifically LISCUM in relation to A.T.

145.    The SCHOOL BOARD owed a duty to BARENY to protect her daughter A.T. from inappropriate sexual misconduct and/or harassment by teachers such as LISCUM.

146.    Upon information and belief, LISCUM engaged in prior similar inappropriate behavior with other female students while a teacher for the SCHOOL BOARD and had a long-standing reputation of being communicating inappropriately with select female students, which is believed to have been known by the SCHOOL BOARD.

147.    The SCHOOL BOARD as employer of LISCUM became aware, or should have become aware, of LISCUM's past and present inappropriate conduct, such that the same indicated LISCUM's unfitness to hold such a sensitive position of care and confidence, specifically as to A.T..

148.    The SCHOOL BOARD breached its duty by failing to take further action, such as investigation, discharge, or reassignment of LISCUM, upon becoming aware of his unfitness as a teacher in a sensitive position of care and confidence with respect to minor children, specifically with respect to A.T.

149.    As a direct and proximate result of the negligence of the SCHOOL BOARD, A.T. was subjected to inappropriate sexual misconduct and/or harassment causing her to suffer mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity

for the enjoyment of life, and thereby caused BARNEY to suffer mental distress, pain and suffering that manifested physically, psychological injuries, and economic damages.

150.    The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotion distress and psychological harm to A.T., and result in serious emotion distress and psychological harm to BARNEY.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for compensatory damages against Defendant, SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

## COUNT XI: NEGLIGENT RETENTION
## (BARNEY AGAINST SCHOOL BOARD)

151.    Plaintiff re-alleges and incorporates by reference Paragraphs 1-55 as if set forth fully herein.

152.    At all times material, the SCHOOL BOARD owed a duty to the parents of students within its *in loco parentis* care, specifically to BARNEY in relation to A.T., to employ qualified and competent teachers to work within its schools, specifically LISCUM. This duty is even greater in the context of public school where parents reasonably rely upon trust and faith in the *in loco parentis* custodians and protectors of their children, specifically as BARNEY reasonably relied upon the SCHOOL BOARD to carry out its special *in loco parentis* duties to protect and care for the physical, emotional and educational well being of A.T.

153.    At all times material, SCHOOL BOARD owed a duty to BARNEY and A.T. to make an appropriate investigation of any of its employees, servants, and/or agents who were in or

would be placed in a position of special care and confidence in relation to contact with minor students of the SCHOOL BOARD, specifically in regard to LISCUM in his position of special care and confidence as to A.T.

154.    At all times material, the SCHOOL BOARD owed a duty to BARNEY and A.T. to terminate any employee, servant, and/or agent that it knew or should have known engaged in or sought to engage in inappropriate communication and/or unlawful sexual activities with minor students, specifically, LISCUM in relation to A.T.

155.    Based upon information and belief, LISCUM previously engaged in similar inappropriate behavior with other female students while a teacher for the SCHOOL BOARD and had a long-standing reputation of engaging in inappropriate communications with select female students, which is believed to have been known by the SCHOOL BOARD.

156.    SCHOOL BOARD breached its duty owed to BARNEY by:

      A.    failing to terminate or reassign those employees, servants and/or agents who previously or presently engaged in inappropriate communications with students, specifically LISCUM, or who were aware of LISCUM's actions in this regard with respect to students and specifically against A.T., but did nothing to stop or report it;

      B.    failing to terminate and/or provide remedial measures to ensure the safety of students, specifically A.T., once the SCHOOL BOARD knew or should have known of LISCUM's past or present inappropriate conduct.

157.    As a direct and proximate result of the negligence of the SCHOOL BOARD, A.T., was subjected to inappropriate sexual misconduct and/or harassment causing her to suffer mental pain and suffering that manifested physically, psychological injuries, and the loss of the capacity

for the enjoyment of life, thereby causing BARNEY to suffer mental pain and suffering that manifested physically, psychological injuries, and economic damages.

158.    The SCHOOL BOARD knew or should have known that breach of the foregoing duties, under the circumstances and due to the nature of the duties and harms that they were meant to prevent, could and would directly and proximately result in serious emotion distress and psychological harm to A.T., and would thereby directly and proximately result in serious emotion distress, psychological harm and economic damages to BARNEY.

**WHEREFORE**, Plaintiff, BARNEY demands judgment for damages against Defendant, the SCHOOL BOARD, including but not limited to pre-judgment and post-judgment interest to the extent allowed by law, plus costs and for other such relief as may be just and equitable and otherwise deemed proper by the Court.

<u>**DEMAND FOR JURY TIRAL**</u>

Plaintiffs, A.T. and BARNEY demand a jury trial on all issues so triable.

**RESPECTFULLY** submitted this 28th day of November 2023.

**LACEY | LYONS | REZANKA**

   _/s/Aaron D Lyons_
**AARON D. LYONS, ESQUIRE**
Florida Bar No. 85758
Email: alyons@llr.law
**ETHAN B. BABB, ESQUIRE**
Florida Bar No. 127488
Email: ebabb@llr.law
**AMANDA R. WILHELM, ESQUIRE**
Florida Bar No. 86968
Email: awilhelm@llr.law
Secondary: apollock@llr.law
6013 Farcenda Pl., Suite 101
Melbourne, FL 32940
Phone: (321) 608-0890
*Counsel for Plaintiffs*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal and was served electronically to all parties of record which are registered to receive electronic service and served by U.S. Mail upon all parties not registered to receive electronic service on this 28th day of November 2023.

**LACEY | LYONS | REZANKA**

_/s/Aaron D Lyons_____
**AARON D. LYONS, ESQUIRE**
Florida Bar No. 85758
Email: alyons@llr.law
**ETHAN B. BABB, ESQUIRE**
Florida Bar No. 127488
Email: ebabb@llr.law
**AMANDA R. WILHELM, ESQUIRE**
Florida Bar No. 86968
Email: awilhelm@llr.law
Secondary: apollock@llr.law
6013 Farcenda Pl., Suite 101
Melbourne, FL 32940
Phone: (321) 608-0890
_Counsel for Plaintiffs_