UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**A.T. and JULIA BARNEY,**

        **Plaintiffs,**

**v.**                                                                    **Case No: 6:24-cv-35-CEM-DCI**

**THE SCHOOL BOARD OF BREVARD
COUNTY and TIMOTHY MICHAEL
LISCUM,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Plaintiff's Motion to Substitute Party (Doc. 29)
>
> **FILED:** May 10, 2024
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On April 25, 2024, Plaintiffs filed a Suggestion of Death Upon the Record as to Defendant Timothy Michael Liscum (Defendant Liscum). Doc. 26 (the Suggestion of Death). Plaintiffs have now filed a Motion for Order Requiring Substitution of Personal Representative for Deceased Defendant Liscum. Doc. 29 (the Motion). Plaintiffs assert that the claim against Defendant Liscum was not extinguished upon the death and "Plaintiff's have the right to require the substitution of the personal representative of the deceased defendant's estate as the proper-party-defendant to allow Plaintiffs to proceed with their claims" and, therefore, "move the Court for

entry of an Order directing the Personal Representative of the Estate of Timothy Michael Liscum be substituted as the property [sic] party defendant in this action." *Id*. at 3.

The Motion is due to be denied because Plaintiff has not demonstrated service. Rule 25 provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by and against the decent must be dismissed.

Fed.R.Civ.P. 25(a)(1).

Rule 25 sets forth the following requirements regarding service:

> A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed.R.Civ.P. 25(a)(3).

Here, there is nothing before the Court to reflect service of the Notice *or* the Motion on the personal representative of the estate—the non-party Plaintiffs seek to substitute. *See* Docs. 18, 19. "Requiring personal service on the successor or representative of a decedent's estate ensures that those with the legally cognizable interest in the ongoing litigation: (1) receive actual notice of the lawsuit; and (2) are made aware of the corresponding substitution requirement." *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008). Since Plaintiffs have not demonstrated compliance with Rule 25(a)(3), it is not clear to the Court whether the personal representative is aware of the lawsuit, the suggestion of death, or the request for substitution. Accordingly, Plaintiffs are not entitled to relief. *See McGuinnes v. Novartis Pharms. Corp.*, 2013 WL 425331, at *2 (M.D. Fla. Feb. 4, 2013) ("[T]he party that filed the suggestion must serve

nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4.").

The Court notes that Plaintiffs certify that counsel of record was served with the Notice and Motion through CM/ECF. Doc. 26/29. But service on Defendant Liscum's attorney is inadequate. *Schmidt v. Merrill Lynch Trust Co.*, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008) ("An attorney's agency to act on behalf of a client terminates upon that client's death."). "There is no guarantee that the deceased party's attorney will act to protect the legal interests of the decedent's successor(s) or representative(s), decedent's attorney cannot accept service on behalf of the legal successors or representatives." *Id*. at *2. As such, to the extent Plaintiffs claim that the personal representative has been served through Defendant's attorney, the Court is not convinced. *See Estate of Williams v. Douglas Cty.*, 2017 WL 11448858, at 2* (N.D. Ga. Jan. 9, 2017) (finding that although the plaintiffs' counsel generated the suggestion of death and attached it to the motion to substitute along with certificates of service showing electronic service on all counsel of record through CM/ECF, the plaintiffs were required to serve the personal representative according to Rule 4).

Based on the foregoing, it is **ORDERED** that the Motion (Doc. 29) is **DENIED without prejudice**. "

**DONE AND ORDERED** in Orlando, Florida on May 28, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties